<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4642**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOBARD MARK SHAW, a/k/a Boo,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Thomas E. Johnston,
District Judge.  (5:07-cr-00086-1)

Submitted: August 28, 2009     Decided:  September 10, 2009

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West
Virginia, for Appellant.   Charles T. Miller, United States
Attorney, Miller Bushong, Assistant United States Attorney,
Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Jobard Mark Shaw was convicted on two counts of distribution of cocaine base ("crack") and one count of possession with intent to distribute five grams or more of crack, all in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Shaw to 120 months in prison. Shaw appeals.

The district court adopted the magistrate judge's recommendation to deny Shaw's motion to suppress evidence. Shaw asserts on appeal that the district court erred by denying his motion to suppress. We first note that, by failing to object to the magistrate judge's report and recommendation, Shaw waived appellate review of this issue. United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007). In any event, Shaw's challenge to the motion to suppress is meritless.

Shaw asserts that the district court erred in denying his motion to suppress, citing State v. Mullens, 650 S.E.2d 169, 190 (W. Va. 2007), which held that the West Virginia State Constitution prohibits the police from sending an informant into the home of another person to surreptitiously use an electronic surveillance device without a warrant. However, whether or not a seizure violates state law is irrelevant to the determination of a motion to suppress in federal court. United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998). Moreover, federal

2

statutory and constitutional law permits officials to place an electronic surveillance device on a consenting informant for the purpose of recording communications with a third-party suspect, even in the absence of a warrant. 18 U.S.C. § 2511(2)(c) (2006); see also United States v. White, 401 U.S. 745, 749 (1971) (plurality opinion) (holding that no warrant is required when "secret agent" working for the Government purchases narcotics from the accused and records the exchange).

Based on the foregoing, we affirm Shaw's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED